| | |
|---|---|
| **GOMEZ TRIAL ATTORNEYS** | **THE HABA LAW FIRM, P.A.** |
| JOHN H. GOMEZ (171485) | LISA D. HABA* |
| *jgomez@thegomezfirm.com* | *lisahaba@habalaw.com* |
| DEBORAH S. DIXON (248965) | 1220 Commerce Park Dr., Ste. 207 |
| *ddixon@thegomezfirm.com* | Longwood, Florida 32779 |
| 655 W. Broadway Suite 1700 | Telephone: (844) 422-2529 |
| San Diego, California 92101 | |
| Telephone: (619) 237-3490 | |
| Facsimile: (619) 237-3496 | |

**DiCELLO LEVITT GUTZLER LLC**
GREG G. GUTZLER*
*ggutzler@dicellolevitt.com*
444 Madison Avenue, Fourth Floor
New York, New York 10022
Telephone: (646) 933-1000

*Counsel for Plaintiff*
*(*Pro Hac Vice Applications Pending)*
*Additional Counsel Listed on Signature Page*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JANE DOE, | Case No: 2:20-cv-10714 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| STEVEN POWERS, | |
| Defendant. | |

## COMPLAINT

This is a civil action for damages under the United States Federal sex trafficking statute, 18 U.S.C. §§ 1591, *et seq.* and other state laws, brought by Plaintiff Jane Doe, arising from Defendant Steven Powers ("Defendant" or "Powers") participation in the sex trafficking venture of Peter J. Nygard ("Nygard"). Defendant knowingly participated in and conspired in Nygard, Nygard Inc., Nygard International Partnership ("Nygard International"), and Nygard Holdings Limited's ("Nygard Holdings") (collectively, the "Nygard Companies") sex trafficking venture.  Defendant participated in the sex trafficking of Jane Doe in this District by knowingly engaging in commercial sex act(s) with her against her will at the behest of Nygard, in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA").

## INTRODUCTION

1.     As detailed in *Jane Does Nos. 1-57 v. Nygard, et al.*, No. 20-cv-01288 (ER) (June 10, 2020) (Ramos, J.), *John Does 1 and 2 v. Nygard, et al.*, No. 20-cv-06501 (ER) (August 16, 2020) (Ramos, J.), and *Jane Doe v. Suelyn Medeiros*, No. 20-cv-24357 (SDFL Oct. 22, 2020) (Martinez, J.), and a number of other related lawsuits, Nygard and the Nygard Companies perpetrated a decades-long, international sex trafficking venture that lured, enticed, and coerced countless girls, women, and boys to be raped.

2.     Defendant participated in and conspired with Nygard and the Nygard Companies' sex trafficking venture by knowingly and actively engaging in commercial sex acts with Jane Doe, provided to him by Nygard as part of Nygard's sweeping international sex trafficking venture.

3.     Powers is a long-time friend and associate of Nygard who knows of Nygard's sprawling sex trafficking venture.

4.     Powers, along with fellow co-conspirator Danny Fitzgerald, were frequent guests of Nygard and attended Nygard's "pamper parties" and dinners at

1  Nygard's Marina Del Rey property in California, which are used to facilitate and
2  enable Nygard's sex trafficking scheme.



15  5.  In 2008, Jane Doe, a sex worker employed by the Nygard Companies
16 at the time, and sex trafficking victim of Nygard and the Nygard Companies, met
17 Powers at Nygard's Marina Del Rey property during a "pamper party."

18  6.  Nygard instructed Jane Doe that Powers was his friend and she was
19 expected to make a good impression.

20  7.  Jane Doe was instructed by Nygard to go into a bedroom with him.
21 Powers was also in the bedroom.

22  8.  Nygard shut the door, locking Jane Doe in the room with himself and
23 Powers.  The door did not have a door handle and could only be opened with the
24 electronic, remote lock that was in Nygard's control.

25  9.  After being a victim of long-term manipulation, coercion, and
26 trafficking by Nygard, Jane Doe knew that "no" was not an option.

27  10.  At the time, Nygard knew that Jane Doe did not identify as
28 heterosexual.

3

1    11.    Nygard performed oral sex on Jane Doe.

2    12.    With complete disregard for Jane Doe's consent or wishes, Nygard then

3    directed Jane Doe to engage in commercial sex acts with Powers.

4    13.    Jane Doe was coerced to engage in sexual intercourse with Powers

5    without consent and against her will, while Nygard performed oral sex on her anus

6    and digitally penetrated her anus for his own sexual gratification.

7    14.    At the end of the encounter, Jane Doe fled the room once Nygard

8    opened the door and allowed her to leave.

9    15.    Jane Doe received things of value in exchange for engaging in the

10   sexual acts with Powers and Nygard on that occasion, including cash, lodging, and

11   travel.

12   **I.    Powers Knowingly Benefitted from Conspiring in the Nygard Sex**
13   **Trafficking Venture.**

14   16.    Powers knowingly benefited from Nygard's sex trafficking of Jane Doe

15   (and others).

16   17.    Powers benefitted because although he knew about the sex trafficking

17   and rape occurring at Marina Del Rey, he continued to frequent the "pamper parties,"

18   engage in commercial sex acts with the young women trafficked to him by Nygard,

19   and benefited from the social status he maintained by being a close friend with

20   billionaire Nygard.

21   18.    In exchange for Powers' knowing participation and conspiracy in

22   Nygard's sex trafficking venture, Nygard forced his "girlfriends" and/or sex workers

23   to perform commercial sex acts with Powers.  Jane Doe was one of these victims.

24   19.    Powers also directly violated the TVPRA because he knowingly

25   benefitted from his conspiracy with and/or participation in Nygard's venture with

26   knowledge, or in reckless disregard of the fact, that Nygard sex trafficked Jane Doe

27   and others.

28   20.    Powers knowingly conspired with Nygard and the Nygard Companies

1   to actively lure, entice, obtain and/or coerce women to be raped and/or sex trafficked.

2   21.    Nygard has a permanent residence located at 1 Yawl Street, Marina Del

3   Rey, California where he sex trafficked many of his victims, including Jane Doe to

4   Powers.

5   22.    Not only does Nygard reside at this residence, but the Nygard

6   Companies conduct business from this location.

7   **JURISDICTION AND VENUE**

8   23.    This Court has federal question subject-matter jurisdiction pursuant to

9   28 U.S.C. § 1331, because Plaintiff brings this action under the federal TVPRA

10  statute, 18 U.S.C. § 1591; 1596.

11  24.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332,

12  because the matter in controversy exceed the sum or value of $75,000, exclusive of

13  interest and costs, and the parties have complete diversity.  Plaintiff is a citizen of

14  the state of Colorado, and Defendant is a citizen of the State of California.

15  25.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because

16  Defendant Steven Powers conducted substantial activities in this District and

17  knowingly conspired, aided and abetted, facilitated, and directly participated in

18  Nygard's illegal conspiracy and/or sex trafficking venture through actions in this

19  District.

20  **PARTIES**

21  **A.    Plaintiff Jane Doe**

22  26.    Plaintiff Jane Doe resides in Colorado.

23  27.    She is using a pseudonym because of the highly personal nature of this

24  matter.

25  28.    Plaintiff is at serious risk of retaliatory harm because Defendant's co-

26  conspirators, Nygard and the Nygard Companies, have tremendous wealth and

27  power and have used it to retaliate against others who have attempted to come

28  forward, including by means of arson, property destruction, threats of physical

5

violence, and threats of legal action.

29.     Plaintiff is also vulnerable because of Defendant's co-conspirators' wealth and influence in Canada and the United States, and the corruption of law enforcement by the co-conspirators through bribery and political influence.[1]

30.     Plaintiff's safety, right to privacy, and security outweigh the public interest in her identification.

31.     Plaintiff's legitimate concerns outweigh any prejudice to Defendant by allowing Plaintiff Jane Doe to proceed anonymously.

**B.     Defendant Steven Powers**

32.     Defendant Steven Powers is a U.S. citizen who resides in California.

## THE TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT ("TVPRA")

33.     The TVPRA outlaws sex trafficking activities that affect interstate or foreign commerce or take place within the territorial jurisdiction of the United States.  It is to be construed broadly because it serves a remedial purpose and uses intentionally broad language.

34.     The TVPRA makes it unlawful for:

    (a) Whoever knowingly—
        (1) In or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States recruits, entices, harbor, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or

        (2) Benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

            knowing, or except where the act constituting the violation

---

[1] *See, e.g.*, https://www.youtube.com/watch?v=Pw1xUXQNelg; http://www.tribune242.com/news/2018/feb/14/nygard-outright-bribery-plp/; http://www.tribune242.com/news/2014/jun/25/nygard-gave-money-plp-then-asked-help-over-land-is/; http://www.tribune242.com/news/2017/may/05/fresh-questions-over-las-vegas-trip-pm-gibson-and-/.

of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion, described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).[2]

35.     As alleged herein, Defendant knowingly used interstate and foreign commerce to violate the TVPRA by conspiring and collaborating with Nygard and the Nygard Companies to entice, lure, provide, obtain, and/or transport Jane Doe to engage in commercial sex acts.

36.     Defendant's co-conspirators paid for and funded the "pamper party," the transportation, and the cash given to Jane Doe.

37.     Defendant, a resident of California, conspired with Nygard and the Nygard Companies and aided and abetted, facilitated, and directly participated in Nygard's conspiracy and/or venture through conduct that originated and/or occurred in the United States.

38.     In addition to violating the TVPRA, as alleged herein, Defendant conspired to violate and/or violated the laws of the State of California.

***The Statute of Limitations Should be Tolled Because Nygard Uses Threats, Force, and Manipulation to Prevent Victims From Speaking Their Truth, and Thus, Prevented her from Pursuing Her Claims.***

39.     Due to extraordinary circumstances and Defendant's and his co-conspirators' conduct, which prevented, to the extent applicable, Plaintiff Jane Doe from bringing her claims, the applicable statute of limitations is equitably tolled.

40.     The general rule is that statutes of limitations are subject to equitable tolling.  *See United States v. Locke*, 471 U.S. 84, 94 n.10 (1985) ("Statutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable

---

[2] 18 U.S.C. § 1591(a).

tolling."); *Young v. United States*, 535 U.S. 43, 49 (2002) ("It is hornbook law that limitations periods are customarily subject to equitable tolling unless tolling would be inconsistent with the text of the relevant statute.") (quotation marks and citations omitted).

41. Plaintiff Jane Doe pursued her rights diligently and was impeded because of a combination of manipulation, shame, embarrassment, fear, political and law enforcement corruption, weak laws that are rarely enforced to protect the victim, and bribery. As a result, to the extent necessary, all applicable statutes of limitations should be equitably tolled.

42. Jane Doe was legitimately and justifiably afraid that Nygard would harm and/or retaliate against him if she pursued any claim against Nygard or his close friends and co-conspirators (such as Defendant).

43. Nygard uses manipulation, including psychological and financial pressure, financial resources, political power, and influence, and threats of force to intimidate his victims, including Jane Doe, and prevent her from coming forward.

44. Nygard's illegal conduct also includes conspiring with countless others, including Defendant, in a recurring pattern and practice of rape, sexual assault, and sex trafficking.

45. Nygard's rape, sexual assault, and sex trafficking have been occurring continuously, consistently, and systematically since, at least, 1977 in violation of the TVPRA and various other state and foreign laws.

46. Under the continuing violation doctrine, the statute of limitations is tolled for Jane Doe since she was subjected to Nygard's recurring, uniform pattern and practice of sex trafficking.

47. Additionally, Plaintiff's claims against Nygard and his co-conspirators are tolled because Defendants engaged in a continuing conspiracy to commit rape, sexually assault, sex traffic, and subsequently cover up their crimes.

48. Unnamed third-party recruiters and facilitators, and upper-level

executives of the Nygard Companies conspired with Nygard to conceal his crimes for the benefit of Nygard and all his co-conspirators, including Defendant.

49.     Due to Defendant's efforts in keeping their conspiracy secret, their conspiracy was only discovered upon the filing of the Nygard class action lawsuit in February 2020.  Therefore, the statute of limitations for Plaintiff's claims is tolled under the discovery rule.

## CLAIMS ALLEGED

## COUNT I

### VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT, 18 U.S.C. §§1591(a)

50.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-49, as if fully set forth in this Count.

51.     Defendant knowingly used the instrumentalities and channels of interstate and foreign commerce to facilitate violations of 18 U.S.C. § 1591(a)(1), occurring within the territorial jurisdiction of the United States.

52.     Defendant's conduct was in or affecting interstate or foreign commerce for purposes of the TVPRA.

53.     Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and/or solicited Plaintiff for the purpose of causing her to engage in commercial sex acts through force, fraud, or coercion, pursuant to 18 U.S.C. § 1591(a).

54.     Furthermore, Defendant knew that his co-conspirators provided Plaintiff with U.S. currency and/or items of value after Defendant engaged in commercial sex acts with Plaintiff.

55.     Defendant's conduct has caused Plaintiff serious and permanent harm, including, without limitation, physical, psychological, financial, and reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to

9

perform or to continue performing commercial sexual activity, in order to avoid incurring that harm.

## COUNT II

### PARTICIPATING IN A VENTURE IN VIOLATION OF
### THE TRAFFICKING VICTIMS PROTECTION ACT, 18 U.S.C. §§1591(a)

56.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-49, as if fully set forth in this Count.

57.     Defendant participated in a venture with Nygard and the Nygard Companies, in violation of 18 U.S.C. § 1591(a)(2).

58.     Defendant knowingly benefited from, and received value for, his participation in the venture, in which Defendant and Nygard would lure, entice, recruit, solicit, provide, obtain, and transport Plaintiff, to engage in commercial sex acts with Defendant.

59.     Defendant knew, or was in reckless disregard of the fact, that it was Nygard's pattern and practice to use the channels and instrumentalities of interstate and foreign commerce, as well as the Nygard Companies' resources to entice, recruit solicit, or cause young and underage individuals to engage in commercial sex acts, and offering something of value in exchange for the sexual act.

60.     Defendant had actual knowledge that he was facilitating and participating in Nygard's use of company resources to recruit, entice, harbor, transport, provide, obtain, maintain, patronize, and/or solicit Plaintiff and others, through force, fraud, or coercion, into commercial sex acts.

61.     Despite such knowledge, Defendant facilitated and participated in Nygard's violations of 18 U.S.C. § 1591, where Defendant knew, or was in reckless disregard of the facts that, Nygard would lure, entice, harbor, transport, provide, obtain, maintain, patronize, and/or solicit Plaintiff, through force, fraud, or coercion, to engage in commercial sex acts.

62.     Defendant and/or Defendant's co-conspirators also provided or

10

1  promised Plaintiff items of value in exchange for engaging in the sexual acts with
2  Defendant, including flights, lodging, and cash.

3      63.     Defendant's conduct has caused Plaintiff serious harm including,
4  without limitation, physical, psychological, financial, and reputational harm, that is
5  sufficiently serious, under all the surrounding circumstances, to compel a reasonable
6  person of the same background and in the same circumstances to perform or to
7  continue performing commercial sexual activity, in order to avoid incurring that
8  harm.

9                          **COUNT III**

10             **CONSPIRACY TO COMMIT VIOLATION OF THE**
11     **TRAFFICKING VICTIMS PROTECTION ACT, 18 U.S.C. §§1594**

12      64.     Plaintiff realleges and incorporates by reference the allegations
13  contained in paragraphs 1-49, as if fully set forth in this Count.

14      65.     Defendant conspired, by agreement or understanding, to further
15  Nygard's unlawful plan and/or purpose to commit illegal commercial sex acts with
16  Plaintiff.

17      66.     Defendant committed overt acts in furtherance of the agreement or
18  understanding by playing an active role in trafficking Plaintiff by engaging in
19  commercial sex acts with her.

20      67.     Defendant and/or his co-conspirators provided or promised Plaintiff
21  items of value in exchange for engaging in the sexual acts with Defendant, including
22  but not limited to, transportation, lodging, food, and cash.

23      68.     Defendant's participation in the furtherance of Nygard's illegal sex
24  trafficking plan and/or purpose was intentional and/or willful and, therefore,
25  Defendant intentionally and/or willfully caused the sex acts with Plaintiff in his
26  affirmative acts supporting Nygard.

27      69.     Defendant knew that his acts and conduct supporting and facilitating
28  Nygard would lead to unlawful commercial sex acts with Plaintiff and, upon

1   information and belief, other trafficking victims.

2       70.    Defendant conspired with Nygard through his affirmative acts and
3   provided substantial support to Nygard for the purpose of causing commercial sex
4   acts with Plaintiff.

5       71.    Defendant's conduct has caused Plaintiff serious harm, including,
6   without limitation, physical, psychological, financial, and reputational harm, that is
7   sufficiently serious, under all the surrounding circumstances, to compel a reasonable
8   person of the same background and in the same circumstances to perform or to
9   continue performing commercial sexual activity in order to avoid incurring that
10  harm.

## COUNT IV

**SEXUAL BATTERY IN VIOLATION OF CALIFORNIA CIVIL CODE § 1708.5 AND COMMON LAW**

14      72.    Plaintiffs reallege and incorporate by reference the allegations
15  contained in paragraphs 1-78, as if fully set forth in this Count.

16      73.    Defendant intentionally committed sexual battery on Jane Doe in the
17  State of California in violation of California law.

18      74.    Defendant acted with the intent to cause a harmful and offensive contact
19  with an intimate part of Plaintiff Jane Doe and a sexually offensive contact directly
20  or indirectly resulted.

21      75.    Defendant acted with the intent to cause a harmful and offensive contact
22  with Plaintiff Jane Doe, by use of his intimate part and a sexually offensive contact
23  directly or indirectly resulted.

24      76.    Defendant also acted to cause an imminent apprehension or fear of a
25  harmful and offensive contact with Plaintiff Jane Doe's intimate parts.

26      77.    Plaintiff Jane Doe did not consent to Defendant's harmful and offensive
27  contact and/or were coerced in to such harmful and offensive contact.

28      78.    Plaintiff Jane Doe was harmed and/or offended by Defendant's

1  conduct. Defendant's conduct has caused Plaintiff Jane Doe serious and permanent

2  harm and/or damages, including, without limitation, physical, psychological,

3  emotional, financial, and reputational harm.

4  ## COUNT V

5  **CIVIL CONSPIRACY IN VIOLATION OF CALIFORNIA LAW**

6  79.   Plaintiff realleges and incorporate by reference the allegations contained

7  in paragraphs 1-49, as if fully set forth in this Count.

8  80.   Defendant, Nygard, and the Nygard Companies have participated in a

9  continuing conspiracy to commit sexual battery and to cover-up their conspiracy.

10  81.   Defendants formed a group of two or more persons and agreed to a

11  common plan or design to commit tortious acts, including sexual battery.

12  82.   Defendant had actual knowledge that sexual battery was planned and

13  concurred in the tortious scheme with knowledge of its unlawful purpose.

14  83.   Defendant intended to aid in the commission of the planned tort,

15  including sexual battery.

16  84.   Defendant committed numerous wrongful acts, including sexual

17  battery, against Plaintiff occurring in the State of California pursuant to their

18  agreement.

19  85.   Defendant conspired with Nygard and the Nygard Companies because

20  he desired commercial sex acts from Plaintiff Jane Doe and other victims of

21  Nygard's sex trafficking venture.

22  86.   This affirmative conduct of Defendant was committed by express

23  and/or implied agreement that Nygard would use the Nygard Companies' money

24  and brand, the promise of a modeling career, and his influence in the fashion industry

25  to facilitate and/or enable the sexual battery of Plaintiff.

26  87.   Plaintiff Jane Doe was damaged as a direct result of Defendants'

27  agreement and actions.

28  88.   Defendant's conduct has caused Plaintiff Jane Doe serious and

13

1   permanent harm and/or damage, including, without limitation, physical,
2   psychological, emotional, financial, and reputational harm.

3   ## **REQUEST FOR RELIEF**

4        Plaintiff respectfully request that the Court enter judgment in their favor, and
5   against Defendants, as follows:

6        a.    That the Court grant permanent injunctive relief to prohibit Defendant
7   from continuing to engage in the unlawful acts and practices described herein;

8        b.    That the Court award Plaintiff compensatory, consequential, general,
9   and normal damages in an amount to be determined at trial;

10        c.    That the Court award punitive or exemplary damages in an amount to
11   be determined at trial;

12        d.    That the Court award to Plaintiff the costs and disbursements of the
13   action, along with reasonable attorneys' fees, costs, and expenses;

14        e.    That the Court award pre- and post-judgment interest at the maximum
15   legal rate; and

16        f.    That the Court grant all such other relief as it deems just and proper.

17   ## **JURY DEMAND**

18        Plaintiff demands a trial by jury on all claims so triable.

19

20   Dated: November 24, 2020     By:    */s/ Deborah S. Dixon*
21        John H. Gomez
          Deborah S. Dixon
22        **GOMEZ TRIAL ATTORNEYS**
23        655 West Broadway, Suite 1700
          San Diego, California 92101
24        Telephone: (619) 237-3490
25        john@gomeztrialattorneys.com
          ddixon@gomeztrialattorneys.com
26
27        Greg G. Gutzler*
          **DiCELLO LEVITT GUTZLER**
28        **LLC**

14

444 Madison Avenue, Fourth Floor
New York, New York  10022
Tel.:  646-933-1000
ggutzler@dicellolevitt.com

Lisa D. Haba*
**THE HABA LAW FIRM, P.A.**
1220 Commerce Park Dr., Ste. 207
Longwood, Florida  32779
Tel.:  844-422-2529
lisahaba@habalaw.com
***Counsel for Plaintiff***

\* *Pro Hac Vice* applications pending

*Jane Doe Nos. 1-3 v. Daniel S. Fitzgerald*, Case No. 2:20-cv-10714
COMPLAINT